ADMINIS-
TRATION.
Case 102.

June 27.

## White vs. Brown.

Error to the Franklin County Court.

*Administration. Records. County Courts.*

Judge MILLS delivered the Opinion of the Court.

On the 18th day of April, 1814, administration of the estate of William White was granted, by the county court of Franklin, to Anne White, widow of the decedant, Willis A. Lee, and John A. Mitchell.

On the 21st January, 1822, the county court, entered up an order directing the administrators, Lee and Mitchell, omitting the administratrix, to be summoned to appear at the next court and give additional security; and that until they did give such security, they be restrained from acting as administrators. On the 18th of Feburary, 1822, another order was entered, directing the same administrators, as well as the administratrix, to be summoned to appear at next court, to give additional security as administrators, and that until they gave such security they be restrained from acting as administrators.

It does not appear, that notice of either of these orders were ever given to the administrators, or that any summons ever issued; nor is there any further step taken in pursuit of the administrators.

On the 16th of February, 1824, administration of the same estate was granted to Robert Brown, as an original grant, and not as administrator *de bonis non.* Nor is there any thing said concerning the former administrators, or their office.

On the 21st October, 1826, Anne White, the survivor, the two former administrators having departed this life, sued out this writ of error to reverse these orders, and annul the grant to Brown.

To this writ Brown has pleaded the statute of limitations.

At the time the writ of error issued, more than three years had elapsed from making the orders directing a summons, and restraining the administrators from further acting. But we cannot consider these orders as a final disposition of the first administration. Indeed, they are no more than the commencement of proceedings against them, which might ultimately terminate in a loss of their fiduciary character, and restraining them in the mean time. But it is evident, that these orders did not revoke the grant; and as to the order restraining, it does not appear ever to have been made known to them. In short, these orders can hardly be said to be a pending prosecution against them. They are no

WHITE
vs.
BROWN.

Orders requiring the administrators to give additional security.

Administration granted to Brown.

Writ of error by the former adm'r.

Plea of the statute of limitations.

The time of the limitation to a writ of error to an order of the county court, removing an administrator, shall be calculated from the final order which in effect revokes the grant, not the order suspending his powers.

WHITE
vs.
BROWN.

more than a commencement, which, for any thing that appears, was abandoned. Between the grant to Brown and the emanation of the writ of error, three years had not elapsed; and this is the only order that can be construed, even by implication, to terminate the power of the first administrators, by delegating similar powers to another. Of course there is no bar to the writ.

A second grant of administration, without revoking the first grant by regular proceeding, is erroneous, and reversable here, on the complaint of the first administrator.

The grant of administration to Brown, while the first grant existed unrevoked, was evidently erroneous. It is certain the former grant existed. What effect the restraining order might have upon it, we need not enquire, as they had *no notice thereof; and* of course it could have no effect upon them. Whatever may be the powers of the court over administration once granted, it is clear, that the grant being once made, there is no power to repeat it to others, until the first is revoked.

In such case, all the orders touching the administration of the same estate, made at different terms, constitute one record of the one case: Judge OWSLEY dissenting.

Judge Owsley does not concur in reversing the last order, not because the court had a right to grant it, during another existing grant; but because he conceives the order making the grant to Brown, a complete record; and that the court, in considering it, ought not to take notice of the previous grant. On the contrary, the majority of the court supposes, that all orders touching the administration of the same estate, may be considered as part of the same record, and be noticed as such.

The order of the court granting the administration to Brown, must be reversed, and annulled with costs.

*Brown* for plaintiff; *Denny* for defendant.